CENTRAL VICTORIA, INC., demandante y apelada, *v.* JUAN SUÁREZ PÉREZ, demandado y apelante.

No. 3732.—*Visto:* Marzo 26, 1926. *Resuelto:* Junio 15, 1926.

SERVIDUMBRES—EXTENSIÓN DEL DERECHO, USO Y OBSTRUCCIÓN—ACCIÓN CONFESORIA O NEGATORIA DE SERVIDUMBRES—INJUNCTION PENDENTE LITE.—Existiendo una indicación razonablemente clara de la elección de un comprador al no aceptar ni pasar por los términos y condiciones de un arrendamiento no inscrito, no puede sostenerse por virtud del arrendamiento un *injunction* mientras se determine finalmente la reclamación del arrendatario sobre una servidumbre de paso en la propiedad arrendada.

RESOLUCIÓN de *M. Rodríguez Serra*, J. (Segundo Distrito, San Juan), concediendo un *injunction pendente lite* en acción de confesoria de servidumbre. *Revocada.*

*Henry G. Molina* y *Leopoldo Feliú,* abogados del apelante; *Cayetano Coll Cuchí* y *G. Cruzado Silva,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Un *injunction* preliminar fué convertido en un *injunction pendente lite* en virtud de hechos y por razones expresadas por el juez de distrito, como sigue:

"La demanda en este caso alega la existencia de un contrato de arrendamiento otorgado en Septiembre de 1921, por el término de diez años y $25.00 anuales, de canon, que fué pagado por el total período de arriendo. Además, que las partes, al otorgar el arrendamiento, intentaron conservar la servidumbre de paso de vía que la demandante tiene en la parcela arrendada desde hace más de quince años, consistente en un desvío en donde arrima sus cañas para ser llevadas desde allí en trenes a la factoría azucarera de la demandante.

"El propósito de la acción es que se declare la existencia de una servidumbre de paso de vía, de paso por un camino que da al desvío, que se obligue al demandado a respetar el derecho de usar del camino y desvío durante el término del contrato, así como el libre tránsito de los carros de la demandante por el camino que da entrada al desvío, y que se prohiba al demandado impedir u obstaculizar por medio de cercas o de otro modo, el ejercicio de esos derechos. Además el actor reclama $1,000.00 por daños y perjuicios, que los actos del demandado dice le han causado.

"Se expidió por la Corte una orden restrictiva dirigida al demandado, el día 26 de Febrero último, y se celebró la vista de la petición de la demandante para que se expida un auto de *injunction pendente lite.*

"Por su parte el demandado contestó la demanda y la orden para mostrar causa oponiéndose a las pretensiones del actor.

"Celebrada la vista y oída la prueba, las partes han sometido sus argumentaciones escritas que han sido debidamente consideradas por la Corte. La cuestión a decidir ahora es únicamente la de si procede o no expedir el auto de *Injunction* durante la sustanciación de este litigio.

"La demandante en el acto de la vista presentó la escritura No. 47, otorgada el 8 de Septiembre de 1921, sobre arrendamiento por el causante del demandado Don Manuel Falú a favor de la Sociedad Civil 'Central Victoria Lmtd.', de la que deriva su derecho la de-

mandante. De ella consta la existencia del arrendamiento en los términos alegados en la demanda y a la vez en la cláusula 4ª hay la siguiente estipulación:

" 'FE: Es expresamente convenido entre las partes contratantes en esta escritura, que este arrendamiento comprende no solamente la parcela donde está enclavada el predicho desvío del kilómetro número 15 de la American Railroad Company con sus dos cargaderos a ambos lados del citado desvío, sino que también incluye el derecho de paso por el camino que de la carretera de Río Piedras a Carolina va a la laguna y de dicho camino al desvío.'

"También aparece que el importe del canon del arrendamiento durante el tiempo del mismo, o sea diez años, fué satisfecho totalmente en el acto del otorgamiento de la escritura.

"Ese contrato aparece aún vigente, pues nada hay en los autos que sugiera su terminación. El distinguido abogado del demandado, según se ve en su alegato, considera dicho arrendamiento como terminado, por no haber sido inscrito, desde el momento en que el demandado Suárez Pérez adquirió la finca, en 8 de Julio de 1924. Sin duda tenía en mente el derecho que al comprador de una finca arrendada reconoce el artículo 1474 del Código Civil. Pero una cosa es el derecho del comprador y otra su ejercicio. No tenemos ni alegación ni prueba alguna de que el comprador haya ejercido tal derecho, y, por tanto, debemos presumir que el contrato en que descansa la demandante, está aún vigente. Siendo así, y como la demanda expone una buena causa de acción, el *statu quo* de la cosa debe ser protegido por medio de una orden o auto como el que se pide, que estaría justificado por sólo por la ley relativa a *Injunction,* sino también con las disposiciones de la sección 2 de la Ley para asegurar la efectividad de las sentencias."

Entre otras cuestiones mencionadas en la contestación a la orden para mostrar causa y como parte de dicha contestación, el demandado se refirió a y adoptó las alegaciones contenidas en su contestación a la demanda en el pleito principal. De la contestación jurada en que así se descansa tomamos el siguiente extracto:

"12. Niega que comenzó poco después de haber comprado la finca, o en ninguna ocasión, a molestar a la demandante o a amenazarla con cerrar con una cerca dicho camino, pero admite que algún tiempo después de haber adquirido la finca fué informado por la demandante (sin que ésta le mostrara copia del mismo) de que te-

nía algún contrato de arrendamiento con respecto al pedazo de vía o desvío, a lo que contestó el demandado que ignoraba absolutamente dicho contrato y que era su intención el cercar toda su finca. Y alega además el demandado que al efecto procedió, en 24 de Octubre de 1924, a cercar su finca, y la cercó, no tan sólo en todo el largo de dicho camino, o sea hacia la colindancia con la carretera entre Río Piedras y Carolina, de todo lo cual tuvo conocimiento la demandante en los mismos días en que se estaba levantando dicha cerca. Alega además que las únicas amenazas en este asunto han sido de parte de la demandante hacia el demandado, amenazando a éste de que si no quitaba la cerca que ella lo haría a la fuerza porque tenía abogado pago por año y lo mismo le daba a la demandante estar en los tribunales todo el tiempo que fuere necesario, obligando al demandado a gastar dinero.

"13. Admite que allá por el mes de Diciembre, 1924, la demandante solicitó del demandado que quitara dicha cerca, a lo que se negó el demandado, pero niega que como consecuencia de dicha negativa la demandante haya sufrido perjuicios en la suma de $1,000, o en cualquier otra cantidad.

"14. Que la demandante fué enterada por el demandado en Septiembre, 1924, de que la finca descrita anteriormente pertenecía al demandado y que había adquirido la misma como libre de toda clase de carga o gravámenes, y además que fué su intención cercar dicha finca y no permitir que nadie le estorbara en la posesión y disfrute de la misma. Que en 24 de Octubre, 1924, empezó a cercarla y la cercó por todo el lado Oeste donde colinda con el camino que va desde la carretera hacia la Laguna de San José, cuya cerca estuvo terminada en los primeros días de Noviembre, 1924. Que el demandado no hizo oposición alguna a la construcción de dicha cerca ni ha tomado paso alguno para que la misma fuera quitada hasta que presentó la presente demanda antes esta corte el día 26 de Febrero 1925, de cuya demanda y demás procedimientos fué notificado el demandado en 3 de Marzo de 1925. Que debido a la negligencia y demora (*laches*) de la demandante la corte no debe concederle el remedio solicitado de *injunction pendente lite.*"

La corte inferior parece no haber fijado su atención en el hecho de que el demandado anunció su intención de cercar la propiedad adquirida por él al ser informado de la existencia del arrendamiento y a pesar de tal información suministrada por la demandante. Tal anuncio de intención, hecho al recibir aviso de la reclamación de la demandante

como arrendataria del anterior dueño y en respuesta a tal
reclamación, suplementado, por si algo faltare, por la cons-
trucción subsiguiente de la cerca y la negativa a quitarla,
fué, en nuestro concepto, una indicación razonablemente
clara de la elección del demandado de no aceptar ni pasar
por los términos y condiciones del arrendamiento.

Es cierto que la demandante alega en su demanda que
el objeto e intención primordial, si no único, de las partes
en el contrato de arrendamiento fué proteger y preservar
la servidumbre de paso de la demandante que en forma de
un desvío había existido por un período de quince años an-
tes del otorgamiento del contrato de arrendamiento. Pero
la única prueba de tal intención u objeto presentada en la
comparecencia en virtud de la orden para mostrar causa
fué el escrito últimamente mencionado. Dicho documento
no hace mención de servidumbre alguna preexistente, aunque
sí hace referencia a que la finca arrendada está ocupada por
un desvío y no hay indicación de intención alguna por parte
del arrendatario de usar la propiedad en cuestión para al-
gún fin distinto que el de recibir para ser transportada a
su factoría la caña producida en las cercanías del desvío.
El arrendamiento también incluye el derecho a usar un ca-
mino que va de la carretera pública hasta la vía del ferro-
carril, atravesándola en un punto cerca de dicho desvío, y
una servidumbre de paso sobre los terrenos del arrendador
existentes entre dicho camino y el desvío. Pero no hay
prueba de intención alguna de reconocer una servidumbre
preexistente o crear o establecer una servidumbre o privi-
legio de alguna clase por un período mayor que el especi-
ficado como término del arrendamiento. Ni hay tampoco in-
dicación de intención alguna de convertir el contrato de
arrendamiento en un contrato de diferente naturaleza o de
incluir en él estipulación, obligación o derecho alguno incon-
sistente con la naturaleza de un arrendamiento o de tal clase
que hubiera de sobrevivir a la extinción del derecho de
arrendamiento debida a un traspaso de la propiedad arren-

dada y a la negativa, de parte del comprador de asumir la posición del arrendador.

Tal contrato de arrendamiento, sin más, no es bastante para sostener un *injunction* mandatorio mientras tanto se determina finalmente la reclamación de la demandante sobre una servidumbre de paso en la propiedad arrendada.

Este caso fué sometido en apelación más de un año después de radicada la demanda en el pleito principal. Si la cuestión envuelta no era puramente académica, debe haberse convertido en tal y quizá no es aventurado asumir que el *injunction* interlocutorio ya ha sobrevivido su utilidad práctica.

*La orden apelada debe ser revocada.*